IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL GLOVER, #39538-044** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1818-DGW[1] |
| | ) |
| **WARDEN OF USP ATWATER, CA,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**WILKERSON, Magistrate Judge:**

On October 5, 2018, Petitioner Michael Glover, also known as Born Taleem Bey, filed his *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Glover is currently incarcerated at USP-Atwater, California, serving a 360-month sentence after being convicted of multiple counts of unlawfully possessing a firearm and possession with intent to distribute heroin.[2] Glover invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), and *Sessions v. Dimaya*, – U.S. –, 138 S. Ct. 1204 (2018), to challenge sentence enhancements to two of the offenses for which he was convicted. He argues that he did not use, carry, or possess a firearm to commit a "crime of violence" as defined by 18 U.S.C. § 924(c)(1)(A), which would nullify the 10-year mandatory sentence he received for his conviction under 18 U.S.C.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 9).
[2] Glover was housed at the Federal Corrections Institution at Greenville, IL at the time his Petition was filed, (Doc. 1), but was transferred to USP-Atwater during the pendency of this action. (Doc. 17). Because Glover was detained within this District at the time he filed his Petition, this Court retains jurisdiction to resolve this matter even after Glover's transfer to USP Atwater. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). The Court's jurisdiction is "in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court." *Id*. at 441 n. 14; *see also United States ex rel Circella v. Sahli*, 216 F.2d 33, 37 (7th Cir. 1954).

1

§ 924(c)(1)(A)(iii).³ Glover's Petition also implies that *Mathis* precludes the use of a prior Missouri controlled substance conviction to enhance the sentence imposed for his drug trafficking conviction. He seeks to be resentenced without these enhancements.

Respondent has answered the Petition (Doc. 13), and Glover has replied (Doc. 18); the matter is ripe for disposition. For the reasons discussed below, Glover's Petition (Doc. 1) shall be **DENIED**.

## Relevant Facts and Procedural History

### Trial Court Proceedings

On February 27, 2013, a jury found Glover guilty of two counts of being a felon in possession of a firearm,⁴ one count of possession with intent to distribute heroin,⁵ and one count of possessing a firearm in furtherance of a drug trafficking crime.⁶ *United States v. Glover*, No. 12-cr-0243-JAR-1, Doc. 163 (E.D. Mo. Feb. 27, 2013). The statutory sentencing range for Glover's first two firearm convictions was 0–10 years imprisonment, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), neither of which were enhanced by any statutory or Guidelines mechanisms. Glover's possession with intent to distribute heroin conviction normally carried a mandatory minimum sentence of ten years (120 months) imprisonment. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

However, Glover's mandatory minimum sentence was increased to twenty years (240 months) imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 based on a 1996 Missouri felony drug conviction. *See Glover*, No. 12-cr-0243-JAR-1 at Docs. 53, 104, 183; *see also* (Doc. 14-1, pp. 8, 16). Glover's final firearm conviction was also enhanced after the sentencing court

---

³ Glover's sentence was required to be imposed consecutively to any term of imprisonment imposed for the underlying crime of violence or drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(D)(ii).
⁴ *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2006).
⁵ *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851(a)(1) (2010).
⁶ *See* 18 U.S.C. § 924(c)(1)(A)(iii) (2006).

found he had discharged a firearm at police in relation to a drug trafficking crime (namely, his crime of possession with intent to distribute heroin). *Id*. at Docs. 183, 198. This finding enhanced Glover's final firearm conviction to carry a mandatory minimum sentence of ten years (120 months) imprisonment which must run consecutively to his term of imprisonment for his other crimes. 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(D)(ii).

Ultimately, Glover was sentenced to a total of 360 months imprisonment, consisting of concurrent 120-month terms on Counts 1 and 4, a concurrent 240-month term on Count 2, plus a consecutive 120 months for Count 3. *Glover*, No. 12-cr-0243-JAR-1, Doc. 183 (E.D. Mo. June 5, 2013). Neither Glover nor his counsel filed an objection to the Presentence Report ("PSR") prior to Glover's sentencing hearing, and Glover specifically directed his counsel not to object to the PSR or the sentencing court's findings during the sentencing hearing. *Id*. at Doc. 198, pp. 3, 18–20.

**Post-Conviction Proceedings**

Glover filed a direct appeal challenging his conviction, but not his sentence—the Eighth Circuit upheld the conviction and dismissed Glover's appeal. *Id*. at Doc. 206. In June 2015, he filed a motion under 28 U.S.C. § 2255, arguing that (1) he could not have been legally prosecuted because he is not a United States citizen; (2) the United States cannot prosecute him for crimes because it is not "the interested party;" (3) his Judgment of Conviction is void because it was not "verified;" and (4) the United States had no standing to prosecute him because it was not a "holder-in-due-course." *Glover v. United States*, No. 15-cv-1027-JAR, Doc. 6 (E.D. Mo. Aug. 21, 2015). Glover's petition was denied in its entirety, and no certificate of appealability was granted. *Id*. Glover subsequently filed a motion for new trial, which was denied by the sentencing court and affirmed by the Eighth Circuit on appeal. *Glover*, No. 12-cr-0243-JAR-1, Docs. 214, 215, 216.

This action followed.

## Grounds Asserted for Habeas Relief

Glover's Petition primarily attacks the sentence enhancement applied to his conviction under 18 U.S.C. § 924(c)(1)(A)(iii) for possessing a firearm in furtherance of a drug trafficking crime. Contrary to the transcript of the sentencing hearing, the text of the PSR, and the final judgment of conviction, Glover insists that the sentence for this conviction was enhanced due to the sentencing court finding that his other two unlawful firearm possession convictions were "crimes of violence" as defined by 18 U.S.C. § 924(c)(3)(B)'s residual clause. He argues that *Johnson v. United States*, 576 U.S. –, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, – U.S. –, 138 S. Ct. 1204 (2018), both have held that similar statutory language is unconstitutionally vague, and this clause cannot legally serve as the basis for enhancing his sentence. He further argues that the conduct underlying his conviction (*i.e.*, his unlawful possession of a firearm) is not in itself a violent act, and therefore may not be considered a "crime of violence" under the residual clause. Finally, while not explicitly stated in his Petition, Glover also appears to attack one or both of his sentence enhancements pursuant to *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), arguing that none of his prior convictions are a categorical match for a "crime of violence" as defined by § 924(c)(3)(B).

## Grounds for Denial of Relief

Respondent counters that Glover's habeas claim fails to satisfy the requirements of the savings clause in 28 U.S.C. § 2255(e). Respondent argues, pointing to the underlying record, that neither of Glover's sentence enhancements invoked, relied upon, or otherwise had anything to do with a "crime of violence"—the enhancements were explicitly and specifically made due to Glover's use of a firearm in relation to a drug trafficking offense (*i.e.*, his possession with intent

to distribute heroin offense) which enhanced his sentence under 18 U.S.C. § 924(c)(1)(A)(iii), and a prior controlled substance offense (*i.e.*, his 1996 Missouri controlled substance conviction) that enhanced his statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Further, Respondent argues that Glover procedurally defaulted on his present claim by failing to raise his challenge on direct appeal, and that Glover waived any claim relating to whether his prior Missouri conviction was properly considered a "controlled substance offense." Finally, Respondent argues that even if Glover's habeas claim was properly brought and adequately presented, it fails on the merits.

### **Applicable Law**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is normally limited to only *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his

5

federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent raises several grounds for dismissing Glover's Petition, including arguments

6

that Glover waived and/or procedurally defaulted on his claims based on *Mathis* and *Dimaya*. However, after careful consideration of Glover's Petition and Respondent's response, the Court need not delve into these issues because Glover's Petition plainly fails on the merits.

As summarized above, Glover's first, and most readily apparent, argument is that his sentence under 18 U.S.C. § 924(c) was wrongfully enhanced because the Government did not establish that he had used, carried, or possessed a firearm in relation to any crime of violence. The relevant text of 18 U.S.C. § 924(c) is as follows:

> **(c)(1)(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, *during and in relation to any crime of violence or drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years. . . .
>
> **(2)** For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

18 U.S.C. § 924(c) (2010) (emphasis added).

Glover takes great pains to lay out why he believes the offense of merely possessing a firearm unlawfully is not a crime of violence which would support an enhanced sentence. However, this argument is simply inapplicable to Glover's conviction and ultimate sentence under § 924(c). As Respondent points out, the record in Glover's underlying criminal matter clearly shows that Glover's § 924(c) conviction and enhanced sentence was based on Glover's unlawful

7

possession and use of a firearm <u>in furtherance of a drug trafficking offense</u> – namely, Glover's conviction for possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *Glover*, No. 12-cv-0243-JAR-1, Doc. 183 (E.D. Mo. June 5, 2013); *see also Glover*, No. 12-cv-0243-JAR-1, Doc. 198, p. 2 (E.D. Mo. July 15, 2013) ("[The jury] found [Glover] guilty in Count III of possession of one or more firearms in furtherance of a drug trafficking crime.").

Section 924(c) defines "drug trafficking offense" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2) (2010). The evidence adduced during Glover's trial showed that Glover had discharged a firearm during and in relation to his offense of possession with intent to distribute heroin, a felony punishable under the Controlled Substances Act. *Glover*, No. 12-cv-0243-JAR-1, Doc. 198, p. 21–22 (E.D. Mo. July 15, 2013) ("And the evidence [at trial], the Court would note for the record, was that on September 29th, 2011, when the police attempted to detain [Glover], that he fled. And during the course of the chase that he fired a shot at the police officers."). These facts alone were sufficient to support Glover's sentence enhancement under § 924(c)(1)(A)(iii).

Glover does not, and indeed cannot in good faith, argue that his possession with intent to distribute heroin conviction pursuant to 21 U.S.C. § 841 does not fit squarely within § 924(c)'s definition of drug trafficking offense. As such, the considerable ink spilled by Glover arguing that no crime of violence existed to support his sentence enhancement is a red herring, wholly inapplicable to Glover's conviction and sentence. This also means that any discussion of § 924(c)(3)(B)'s residual clause is irrelevant, because it was not the basis for Glover's sentencing enhancement under § 924(c).[7] Because the categorical approach of *Mathis* is inapplicable and

---

[7] Although he Supreme Court recently found § 924(c)(3)(B)'s residual clause to be unconstitutionally vague, *see Davis v. United States*, – U.S. –, 139 S. Ct. 2319, 2336 (2019), it is clear that Glover's conviction and sentence was not based

unnecessary to apply here, and the issues surrounding § 924(c)'s now-unconstitutional residual clause in *Dimaya* and *Davis* do not apply to Glover's sentence, Glover's Petition must be denied.[8]

Glover's Petition focuses primarily on § 924(c)'s residual clause and definition of "crime of violence," (*see, e.g.*, Doc. 1, pp. 1, 3–4, 11–12, 16–17, 20–21). However, out of an apparent abundance of caution, Respondent also addressed Glover's potential argument under *Mathis* that his prior Missouri felony drug conviction was not a proper predicate offense under 21 U.S.C. § 841(b)(1)(A), and should not have been used to enhance his mandatory minimum sentence for his drug trafficking violation. (Doc. 13, pp. 7–8). While such a claim is potentially cognizable if properly presented, *see United States v. Elder*, 900 F.3d 491, 498–501 (7th Cir. 2018), the Court need not address whether Glover has waived or otherwise defaulted on this argument because it too fails on the merits.

Section 841(b)(1)(A) of the Controlled Substances Act reads, in relevant part, that "[]any person [that violates this section] after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(A) (2010). "Felony drug offense" was defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (2009).

---

on any finding that he had possessed a firearm in relation to a crime of violence that relied on the residual clause, rendering *Davis* inapplicable.

[8] Glover also cites to a Seventh Circuit decision, *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016), to argue that § 924(c)(3)(B)'s residual clause is no longer valid. As previously discussed at length, that argument is inapplicable to Glover's actual sentence enhancements in this case. However, to the extent that Glover <u>may be</u>, in a very generous reading of his pleadings, relying on *Cardena* to argue that his sentence enhancement was improper under *Alleyne v. United States*, 570 U.S. 99 (2013), a Sixth Amendment case, this argument cannot be the basis for a § 2241 petition. *See Brown v. Caraway*, 719 F.3d at 586. The *Alleyne* case, and any argument derived from it, was available for Glover to have raised during the pendency of his direct appeal and well before he filed his § 2255 motion.

In 1996, Glover was convicted under MO. REV. STAT. § 195.211, which read in relevant part:

> 195.211. 1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.
> 2. Any person who violates this section with respect to any controlled substance except five grams or less of marihuana is guilty of a class B felony.
> 3. Any person who violates this section with respect to distributing or delivering not more than five grams of marihuana is guilty of a class C felony.

MO. REV. STAT. § 195.211 (1989).[9] Courts have repeatedly held that this statute is a valid predicate offense under federal recidivism statutes, including the Armed Career Criminal Act ("ACCA") and United States Sentencing Guidelines (the "Guidelines"). *See, e.g.*, *United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005); *United States v. Thomas*, 886 F.3d 1274, 1277 (8th Cir. 2018); *Council v. Daniels*, No. 17-cv-0470-JMS-DLP, 2018 WL 5266830, *3–5 (S.D. Ind. Oct. 23, 2018); *Boose v. Williams*, No. 17-cv-303-jdp, 2018 WL 6204594, at *2–3 (W.D. Wisc. Nov. 28, 2018).

Glover does not specifically claim that his 1996 Missouri conviction was an improper predicate offense to support his enhanced sentence under 21 U.S.C. § 841(b)(1)(A), nor does he further develop any argument along those lines. He does cite to *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), a case that analyzed a controlled substance statute under the *Mathis* categorical approach framework and held that a statute that criminalizes the mere "offer to sell" a controlled substance does not constitute a controlled substance offense within the meaning of the Guidelines.

---

[9] During Glover's original criminal proceedings, the Government notified the Court and Glover of their intent to use Glover's prior Missouri felony drug conviction to enhance his potential sentence under 21 U.S.C. § 841(b)(1)(A). 21 U.S.C. § 851; *see also Glover*, No. 12-cr-0243-JAR-1, Docs. 53, 104 (E.D. Mo. Sept. 26, 2012; E.D. Mo. Nov. 26, 2012).

However, unlike the Texas statute at issue in *Hinkle*, § 195.211 does not criminalize a mere offer without intent to sell. *Thomas*, 886 F.3d at 1277 (citing *State v. Sammons*, 93 S.W.3d 808, 811 (Mo. Ct. App. 2002)). Therefore, the reasoning of cases such as *Hinkle* and *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017) does not apply here. Glover's Missouri drug conviction was properly used as a predicate offense for the enhancement of his federal sentence under 21 U.S.C. § 841(b)(1)(A), and to the extent his Petition argues to the contrary, it must be denied.

## Conclusion

For the foregoing reasons, Glover's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: August 6, 2019**

*s/ Donald G. Wilkerson*
**Donald G. Wilkerson**
**United States Magistrate Judge**